UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN CHRISTOPHER WRIGHT, *et al.*,

Plaintiffs,

v.

FARMERS INSURANCE, *et al.*,

Defendants.

CASE NO. 3:21-cv-05594-BHS

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

Plaintiffs, who proceed *pro se*, request to proceed *in forma pauperis* ("IFP") in this civil matter alleging diversity jurisdiction. *See* Dkts. 1–2. The District Court has referred plaintiffs' applications to the undersigned.

Plaintiffs' proposed complaint is subject to screening by the Court under 28 U.S.C. § 1915(e)(2), which requires dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiffs' allegations are insufficient to establish that this Court has diversity jurisdiction over the claims in plaintiffs' proposed complaint. However, the Court will grant plaintiffs an opportunity to amend their proposed complaint.

If plaintiffs wish to proceed IFP, they must file a proposed amended complaint that adequately states a claim on or before September 30, 2021. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice. Finally, because it does not appear that plaintiffs have presented this Court with a viable claim for relief, the Court declines to rule on the IFP motions at this time. Instead, the Clerk shall renote the motions for the Court's consideration on September 30, 2021.

## BACKGROUND

Plaintiffs, one of which alleges he is a resident of Clallam County, Washington, invoke the Court's diversity jurisdiction and seek to bring suit against four named defendants: Farmers Insurance, David Schlottman, Caleb Schlottman, and Kory Pearce. *Id.* at 1. Plaintiffs allege that defendant Farmers Insurance "resid[es] in Oklahoma City, Oklahoma" and that the other three defendants are "resident[s] of Thurston County, in the state of Washington." *Id.*

Plaintiffs allege that defendant David Schlottman drove out of his lane and into plaintiffs' stationary vehicle, totaling the vehicle. Dkt. 1-1, at 2. Plaintiffs allege that defendants then made several misrepresentations regarding the vehicle collision, which resulted in plaintiff Stephen Wright being faulted for the collision. *See id.* at 2–3.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court is authorized to review the sufficiency of a pleading when a plaintiff seeks to proceed IFP. Furthermore, federal courts are under a continuing duty to confirm their jurisdiction power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

This Court is one of limited jurisdiction—meaning that it must have subject matter jurisdiction over the claims alleged. Plaintiffs invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). To proceed under the Court's diversity jurisdiction, there must be complete diversity of the parties, which means that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person's citizenship for purposes of § 1332 is determined by their "state of domicile"—that is, their "permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, allegations that plaintiff Stephen Wright is "a resident of Clallam County, in the state of Washington," support that he is a "citizen" of Washington within the meaning of § 1332. Dkt. 1-1, at 1. However, plaintiffs say nothing regarding plaintiff Sarah Wright's state of domicile. *See id.* "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. Without providing plaintiff Sarah Wright's state of domicile, plaintiffs cannot establish diversity jurisdiction.

Furthermore, although plaintiffs allege that defendant Farmers Insurance is "a business having been communicated as residing in Oklahoma City, Oklahoma," they allege that the other defendants, David Schlottman, Caleb Schlottman, and Kory Pearce, are all residents of Thurston County, Washington—the same state where plaintiff Stephen Wright allegedly resides. *Id.*

Therefore, plaintiffs failed to establish diversity jurisdiction because the citizenship of each plaintiff is not diverse from the citizenship of each defendant. *See Caterpillar*, 519 U.S. at 68.

Without diversity jurisdiction, plaintiffs' claim cannot go forward in this Court. If plaintiffs are able to allege diversity of citizenship, they are granted leave to amend their proposed complaint.

**DIRECTIONS TO THE CLERK AND TO PLAINTIFFS**

The Court does not appear to have subject matter jurisdiction over this case, based upon the allegations in the proposed complaint. Dkt. 1-1. However, plaintiffs may file an amended proposed complaint in support of their IFP applications—if they are able to adequately allege diversity jurisdiction. The undersigned will not rule on plaintiffs' IFP applications until plaintiffs have submitted an adequate proposed complaint. The Court notes that plaintiffs must be granted leave to proceed IFP or pay the filing fee and submit an adequate complaint if they wish to proceed with this matter.

The Clerk shall renote plaintiffs' IFP applications (Dkts. 1–2) for **September 30, 2021.** Plaintiffs shall submit a proposed amended complaint or otherwise comply with this Order on or before **September 30, 2021.** Failure to comply with the terms of this Order shall be deemed a failure to prosecute and may result in the undersigned recommending dismissal of this matter without prejudice.

It is so ordered.

Dated this 30th day of August, 2021.

J. Richard Creatura
Chief United States Magistrate Judge