UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN CHRISTOPHER WRIGHT, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>FARMERS INSURANCE, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. 3:21-cv-05594-BHS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: October 22, 2021 |

　　　Plaintiffs, who are *pro se*, request to proceed *in forma pauperis* ("IFP") in this civil matter alleging diversity jurisdiction. *See* Dkts. 1–2. The matter is before the Court on referral pursuant to 28 U.S.C. § 636 and this Court's Amended General Order 02-19.

　　　Plaintiffs failed to comply with a Court order and have not provided the Court with an amended complaint that states a claim upon which relief can be granted. The undersigned therefore recommends that plaintiffs' IFP applications be denied and that the matter be dismissed without prejudice.

///

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Plaintiffs filed a proposed complaint that seeks to bring suit against four named defendants: Farmers Insurance, David Schlottman, Caleb Schlottman, and Kory Pearce. *See* Dkt. 1-1. Plaintiffs invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See id.* However, plaintiffs did not establish complete diversity in their proposed complaint. *See* Dkt. 5 at 2–4; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

On August 30, 2021, the Court ordered plaintiffs to show cause or amend their proposed complaint to address the diversity issue. *See* Dkt. 5. The Court warned plaintiffs that a failure to comply with the Court's order shall be deemed a failure to prosecute and may result in a dismissal of this matter. *Id.* at 4. Despite the Court's instruction, plaintiffs did not respond to the Court's order or file a proposed amended complaint. Therefore, the Court recommends that plaintiffs' IFP applications be denied and that the matter be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiffs' IFP applications be denied, that the matter be dismissed without prejudice, and that the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

///

///

1  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

2  matter for consideration on **October 22, 2021,** as noted in the caption. The Clerk is also directed

3  to send a copy of this Report and Recommendation to plaintiffs.

4  Dated this 1st day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge